# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-60504 |
| | ) | |
| ERIC RALLS, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DEJ PARNERS, LLC, | ) | Adv. No. 24-06047 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC RALLS | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

DEJ Partners, LLC ("**DEJP**"), by and through undersigned counsel, moves (the "**Motion**") for partial summary judgment against Eric Ralls ("**Ralls**") on its claims under section 523(a)(2), (4), and (6) of title 11 of the United States Code (the "**Bankruptcy Code**"),[1][2] and states as follows:

## I. INTRODUCTION

Bankruptcy is reserved for the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 287 (1991). This is not Ralls.[3] Following more than three years of state court litigation, Ralls,

---

[1] Any reference to a section or chapter is to the Bankruptcy Code unless otherwise stated.

[2] In this Proceeding (as defined below), DEJP asserts four causes of action under section 523(a)(2), (4), (6), and (19) and seeks a nondischargeable judgment in the amount of $2,541,899.58 plus interest. *See* Docket No. 1. By this Motion, DEJP seeks partial summary judgment in the amount of $1,500,000.00 plus interest on its claims under section 523(a)(2), (4), and (6).

[3] *See infra*; *see also* Ex. 8 at 13 ("During his deposition on May 26, 2022, Ralls was asked how he used the money he received from the investors that was then deposited into the Earth.com account. Ralls responded by invoking his Fifth Amendment privilege and refused to answer. He did so repeatedly throughout his deposition." (citation omitted)); Order Following Contempt Sentencing Hearing 1, State Court Action, Nov. 3, 2022 ("Mr. Ralls was sentenced to 48 hours in the county jail as punishment for his contempt pursuant to CRCP 107").

with the assistance of counsel, confessed to judgment in the amount of $1.5 million plus interest. Fraud, Fraudulent Inducement, Fraudulent Transfer, Conversion and Civil Theft. Ralls also agreed to a number of factual findings, including that such claims were predicated on his "intent to cause willful and malicious injuries to DEJP" and that he knowingly made false statements at the time he made them. Based on the confession of judgment, into which Ralls freely entered, it is undisputed that DEJP is entitled to a nondischargeable judgment in the amount of $1.5 million plus interest. Accordingly, the Court should grant the Motion.

## II.    STATEMENT OF THE ISSUE

Whether the Court may apply issue preclusion and grant partial summary judgment where Ralls entered into a confession of judgment which finally resolved all of the claims in the underlying state court action, and where the issues in the state court action are identical to the issues relevant to nondischargeability.

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

On September 23, 2022, DEJP filed a Third Party Complaint in a pending action initiated by affiliate creditor PlantSnap, Inc. against Ralls and his related entities in the case styled, *PlantSnap Inc. v. Ralls et al*, No. 2021CV30005 (Colo. Dist. Ct. San Miguel Cty. Mar. 17, 2021) (the "**State Court Action**"). See Exhibit 1, State Court Action Third Party Complaint. DEJP asserted claims against Ralls and his affiliate entities for, among other things, Fraud, Fraudulent Inducement, Fraudulent Transfer, Conversion and Civil Theft. *See id.* at 10–12. Ralls, through various attorneys, substantially participated in the State Court Action, from filing an answer and counterclaims, to participating in a hearing on dueling preliminary injunction motions, to engaging

in extensive written and oral discovery, to opposing dispositive motions, to preparing for trial. *See generally* Exhibit 2, Register of Actions; Exhibit 3, Serve Only Documents.[4]

On April 19, 2023, just forty-seven days prior to the June 5, 2023 trial in the State Court Action, Ralls filed a voluntary petition for relief under subchapter V of chapter 11. *See In re Ralls*, No. 23-11620-TBM (Bankr. D. Colo. Apr. 19, 2023) (the "**First Bankruptcy Case**"); Exhibit 4, First Bankruptcy Case Docket [excerpted] 1; Exhibit 5, Amended Case Management Order [excerpted] ¶ 16. On May 8, 2023, DEJP sought relief from the automatic stay to liquidate its claim in the State Court Action. *See* Ex. 4 at 4; Exhibit 6, Stay Relief Order [excerpted] 4. On July 19, 2023, the bankruptcy court granted stay relief and found that Ralls "plainly filed for bankruptcy protection to avoid the trial of the State Court Action in the State Court." Ex. 6 at 24. On July 31, 2023, DEJP initiated an adversary proceeding against Ralls, seeking a nondischargeable judgment pursuant to section 523(a)(2), (4), and (6). *See DEJP Inc. v. Ralls*, No. 23-1189-TBM (Bankr. D. Colo. July 31, 2023) (the "**First Adversary Proceeding**"). *See* Exhibit 7, First Adversary Proceeding Complaint [without exhibits]. On August 11, 2023, Ralls moved to dismiss the First Bankruptcy Case. *See* Ex. 4 at 11. On October 17, 2023, after a contested hearing, the bankruptcy court dismissed the First Bankruptcy Case. *See id.* at 13.[5]

After the bankruptcy court granted stay relief, the State Court Action proceeded toward trial. *See* Ex. 2 at 11–12. In January of 2024, the state court granted in part DEJP's motion for partial summary judgment. *See* Exhibit 8, Order Granting Motion for Partial Summary Judgment.

---

[4] Colorado's Register of Action identifies all documents filed with the state court, whereas the Serve Only Documents identifies those documents served on the parties.

[5] Pursuant to 28 U.S.C. § 157, the bankruptcy court dismissed the First Adversary Proceeding.

3

In February 2024, the state court granted all of DEJP's and PlantSnap's motions in limine.[6] *See* Ex. 2 at 7. Shortly thereafter, the parties notified the state court that they "reached a binding settlement of all claims in [the State Court Action]," prompting the state court to vacate the trial. *See* Exhibit 9, Notice of Settlement 2–3. The binding settlement was set forth in that certain Binding Term Sheet dated February 19, 2024 (the "**Binding Term Sheet**").[7] *See* Exhibit 10, Binding Term Sheet.

Ralls defaulted on the Binding Term Sheet, prompting the parties to file a stipulated motion for confession of judgment. *See* Exhibit 11, Stipulated Motion for Confession of Judgment. On July 31, 2024, the state court entered the Confession of Judgment (the "**Judgment**"). *See* Exhibit 12, Judgment. Pursuant to the Judgment, judgment was entered on the claims asserted in the action, including Fraud, Fraudulent Inducement, Fraudulent Transfer, Conversion and Civil Theft. *See* Ex. 12 at 2; *see also* Ex. 1 at 10–12. Ralls agreed to and confessed judgment in the amount of $1.5 million with interest at the rate of 12% per annum, compounded annually. *See* Ex. 12 at 1, 3. The Judgment contains numerous findings of fact related to Claims and makes clear that Ralls' acts satisfy the standards for nondischargeability under sections 523(a)(2), (4), and (6). *See id.* at 2–3.

On August 18, 2024, just five days before Ralls had to respond to DEJP's motion to compel him to turn over his pledged shares, Ralls initiated his second bankruptcy case. *See In re Ralls*, No. 24-60504 (Bankr. E.D. Tex. Aug. 18, 2024). *See* Exhibit 13, Order on Motion to Apply Property to Judgment 1. On November 25, 2024, DEJP initiated this adversary proceeding (the

---

[6] One of those motions effectively precluded Ralls from presenting evidence at trial on account of invoking his Fifth Amendment privilege. *See* Order Re: DEJP's Mot. Limine Prior Invocations Fifth Am. Right Self-Incrimination, State Court Action, Feb. 9, 2024.

[7] Between the time Ralls executed the Binding Term Sheet and filed his second bankruptcy case, a span of more than five months, Ralls failed to participate in any meaningful way to finalize the settlement documents and refused to escrow his shares in Digital Earth Media, Inc. to avoid DEJP from exercising its voting rights upon default. *See* Joint Status Report ¶¶ 3–6, State Court Action, July 29, 2024.

4

"**Proceeding**"), seeking a nondischargeable judgment pursuant to section 523(a)(2), (4), (6), and (19). Because Ralls agreed that the Judgment is nondischargeable and that Judgment resolves the issues underlying this Proceeding, the Court may apply issue preclusion and grant summary judgment on Counts I, II, and III.

IV.    **LAW AND ARGUMENT**

A.    **Standard of Review**.

Rule 56(a) of the Federal Rules of Civil Procedure, as made appliable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides for summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The movant bears the initial responsibility of producing evidence that demonstrates the absence of a genuine issue of material fact. *See EBE, Inc. v. Wilhelms (In re Wilhelms)*, Ch. 7 Case No. 23-40053, Adv. No. 23-04023, 2025 Bankr. LEXIS 493, at *5 (Bankr. E.D. Tex. Mar. 3, 2025) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (citations omitted). Once the movant has met its burden, "[t]he burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citations omitted). "The nonmovant must evince more than 'some metaphysical doubt as to the material facts.'" *Wilhelms*, 2025 Bankr. LEXIS 493, at *6 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmovant were to present these factual disputes at trial, "they must be such that a rational fact finder might find in favor of the nonmoving party." *Id.* (citation omitted).

5

B.   **Issue Preclusion Is Appropriate in this Proceeding.**

Issue preclusion, or collateral estoppel, prevents relitigation of factual or legal issues previously litigated and determined in a prior suit. *See Martin v. Hauck (In re Hauck)*, 489 B.R. 208, 213 (D. Colo. 2013). "[C]ollateral estoppel principles . . . apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v*, 498 U.S. at 284 n.11.

"Because the [Judgment] against [Ralls] was entered in a [Colorado] state court, this Court is required to apply the [Colorado] law of issue preclusion." *Swait v. Newman (In re Newman)*, Ch. 7 Case No. 17-42515, Adv. No. 18-4010, 2019 Bankr. LEXIS 590, at *15–16 (Bankr. E.D. Tex. Feb. 26, 2019); *see also Hauck*, 489 B.R. at 213 ("In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, 'directs a federal court to refer to the preclusion law of the State in which judgment was rendered.'" (citation omitted)).

Under Colorado issue preclusion law, four elements must be satisfied:

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with, a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*In re Water Rights of Tonko v. Mallow*, 154 P.3d 397, 405 (Colo. 2007) (citation omitted). Each of these elements is discussed below.

1.   **The issues sought to be precluded are identical to the issues actually and necessarily determined in the State Court Action.**

"To satisfy the first element of issue preclusion, the issue in the present proceeding must be (1) identical to the prior issue and (2) actually determined in the prior proceeding." *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 506 (Colo. App. 2009).

### a.     Identical to the prior issue.

"Issue preclusion applies to both legal and factual issues," and "may apply to claims for relief different from those litigated in the first action." *Id.* (citations omitted); *see also* Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982). Here, the underlying factual issues in both the State Court Action and this Proceeding are identical: whether Ralls knowingly and intentionally made false statements of material fact, breached his fiduciary duties to DEJP, and committed civil theft when he transferred DEJP's property to himself and his related entities. *Compare* Ex. 1, ¶¶ 6–109 *with* Docket No. 1, ¶¶ 14–187; *Huffman*, 205 P.3d at 506. Additionally, the legal issues in the State Court Action and this Proceeding are identical for purposes of issue preclusion. *See infra* section IV.C (discussing whether factual findings and resolved claims in the State Court Action satisfy the elements needed to prove claims under section 523(a)(2), (4), and (6)).

### b.     Actually determined in the prior proceeding.

A confessed judgment is "actually and necessarily determined in the prior proceeding" for purposes of issue preclusion where "there is an agreement between the parties manifesting their intention for that to be the case." *Hauck*, 489 B.R. at 214 (analyzing issue preclusion under Colorado law). Such intent is manifested where (i) the parties explicitly articulate the intent; (ii) the parties stipulate to specific factual findings; (iii) preclusion can be inferred from the words of the agreement; or (iv) the parties "reasonably could have foreseen the conclusive effect of their actions." *Id.* (citations omitted). Here, the parties manifested such intention under all four of these instances.

First, Ralls explicitly stated that the Judgment would be nondischargeable. *See* Ex. 12 at 3; *Rayback v. Rayback*, No. 10CA0390, 2011 Colo. App. LEXIS 3047, at *4 (Colo. App. June 16, 2011) (applying issue preclusion where plaintiff "explicitly agreed" in a stipulated judgment to

7

certain facts); *Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987) ("[T]he parties specifically provided that the debt . . . would not be dischargeable . . . . Consequently, the consent judgment should be given collateral estoppel effect."); *Shadow Factory Films Co. v. Swilley (In re Swilley)*, 295 B.R. 839, 849 (Bankr. D.S.C. 2003) ("The language of the Oklahoma Judgment is unequivocal and thoroughly describes the judgment as nondischargeable, and the language is much more than a mere statement that the debt would be excepted from discharge."); *Ebert v. Blackmax Downhole Tools (In re Gibraltar Resources)*, Ch. 7 Case No. 393-37028 RCM-7, Adv. No. 396-066, 1996 Bankr. LEXIS 1114, at *12 (Bankr. N.D. Tex. Mar. 4, 1996) ("Courts should 'give preclusive effect to issues parties agree to decide by consent decree.'" (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992))). The Judgment contains the following findings:

> The Claims were based on Ralls' . . . taking money, property, and/or services obtained by false pretenses, false representations, and actual fraud, and Ralls . . . agree[s] that such conduct, and the resulting Confession of Judgment, ***meets the standards set forth in 11 U.S.C. §§ 523(a)(2)***.
>
> Ralls . . . acknowledge[s] that the Claims, and the resulting Confession of Judgment, are non-dischargeable by Ralls . . . , as they relate to a debt for fraud and/or defalcation while Ralls was acting in a fiduciary capacity, and Ralls agrees that ***such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(4)***.
>
> The Claims, and the resulting Confession of Judgement, are non-dischargeable by Ralls . . . as they relate to the willful and malicious injuries caused to DEJP's property, and Ralls . . . agree[s] that ***such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(6)***.

Ex. 12 at 3 (emphasis added).

Second, the Judgment contains specific factual findings. *See id.* at 2–3; *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987); *Carey Lumber Co. v. Bell*, 615 F.2d 370, 377–78 (5th Cir. 1980). *See infra* section IV.C. The factual findings in the Judgment are specific enough to warrant issue preclusion. *Compare Halpern*, 810 F.2d at 1062, 1064 (applying issue preclusion based on the following "detailed factual finding[]" that "Halpern's liability to [First Georgia] is (a) for obtaining

8

money or property by false pretenses, false representations, and actual fraud, (b) for fraud or defalcation while acting in a fiduciary capacity, and (c) for wilful [sic] and malicious injury by the Defendant Halpern to Plaintiff's property.") *with* Ex. 12 at 2–3.

Third, preclusion can be inferred from the words of the Binding Term Sheet and Judgment. *See Hauck*, 489 B.R. at 214 ("By agreement to judgment premised on these specific claims, the Court determines that the Haucks stipulated to the corresponding facts alleged in the . . . Complaint." (citations omitted)); *Solar Sys. & Peripherals, Inc. v. Burress (In re Burress)*, 245 B.R. 871, 881 (Bankr. D. Colo. 2000) ("[T]he party himself made a statement about what actually happened. He confessed judgment to a complaint charging him with fraud and willful misrepresentation. Since the gravamen of these acts is intentional conduct, there is no better evidence of intent than the admission of the perpetrator." (citation omitted)). In the Binding Term Sheet, Ralls understood that the settlement agreement would "provide for a <u>non-dischargeable</u> obligation." Ex. 10, ¶ 7 (emphasis in original). Moreover, the Judgment states that his acts met the standards of section 523(a)(2), (4), and (6). *See* Ex. 12 at 3.

Fourth, Ralls "reasonably could have foreseen the conclusive effect of [his] actions." *Hauck*, 489 B.R. at 214 (citation omitted). DEJP initiated the State Court Action in April of 2021. *See* Ex. 1. On the eve of trial, and almost two years after litigating the State Court Action, Ralls filed the First Bankruptcy Case in an effort to halt the looming trial. *See* Ex. 4 at 2; Ex. 5, ¶ 16; Ex. 6 at 4; *In re Franklin*, Ch. 7 Case No. 24-10231-CLH, Adv. No. 24-01018-CLH, 2025 Bankr. LEXIS 401, at *10 (Bankr. M.D. Ala. Feb. 24, 2025) ("[T]he debtor did not give up at the outset, participated in the adversary process for years, hired counsel, and answered the complaint. Based on these facts, the court determined that the issue was 'actually litigated.'" (citation omitted)). In the First Bankruptcy Case, DEJP filed a nondischargeablity action against Ralls based

9

on the same issues raised in the State Court Action and this Proceeding. *Compare* Ex. 7, ¶¶ 9–169 *with* Docket No. 1, ¶¶ 14–187. Shortly after DEJP obtained stay relief and the State Court Action proceeded towards trial, Ralls and his related entities executed the Binding Term Sheet and Judgment, both of which made clear that any judgment would be nondischargeable in a future bankruptcy case. *See* Ex. 10, ¶ 7; Ex. 12 at 3. Throughout this entire process, Ralls was represented by counsel. *See generally* Ex. 2; Ex. 9 at 3 (Ralls' attorney signing notice); Ex. 11 at 4 (Ralls' attorney signing stipulation motion for confession of judgment); *Hauck*, 489 B.R. at 215 ("[B]ecasue the parties were assisted by counsel, the Court concludes that the Haucks could have reasonably foreseen that stipulating to these claims meant stipulating to their attendant factual allegations."). The explicit references to nondischargeablity and the related findings of fact were clearly included in the Judgment to prevent DEJP from having to relitigate the same issues in the State Court Action. Having executed the Binding Term Sheet and Judgment just months after dismissing the First Bankruptcy Case, Ralls "reasonably could have foreseen the conclusive effect" of executing the Binding Term Shet and Judgment, as written. *See Hauck*, 489 B.R. at 214 (citation omitted)

Ralls clearly manifested an intention that the Judgment be "actually and necessarily determined in the prior proceeding" for purposes of issue preclusion. *See id.*

### 2. Privity.

The second factor of issue preclusion requires that "the party against whom issue preclusion is asserted has been party in the prior proceeding or is in privity with ap arty to the prior proceeding." *Mallow*, 154 P.3d at 406 (citation omitted). Here, DEJP and Ralls were both parties to the State Court Action and this Proceeding. *Compare* Ex. 1 at 1 *with* Docket No. 1 at 1. The second prong of issue preclusion is easily satisfied.

10

### 3. The Judgment is a Final Judgment on the Merits.

A judgment is a "final judgment on the merits" where "it ends an action 'leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Mallow*, 154 P.3d at 406. A confessed judgment "represent[s] a final decision on the merits where the parties intended the stipulation of settlement and judgment entered thereon to adjudicate, once and for all, the issues raised in the action." *In re Bottagaro*, 95 B.R. 766, 767 (D. Colo. 1987) (citations omitted); *Schroers v. Fisk*, 16 P. 285, 290 (Colo. 1887) ("The demurrer being confessed by the plaintiff, these ground of demurrer were included, and the judgment, being likewise by consent, was a judgment upon the merits.").

Here, the Judgment is a final judgment on the merits. The parties intended the Binding Term Sheet and Judgment to finally resolve the issues raised in the action, and because Ralls confessed to the Judgment, he can no longer appeal the Judgment. *See* Exs. 9, 11; *River Canyon Real Est. Invs., LLC v. United Water*, 2015 Colo. App. LEXIS 2744, at *4 (Colo. App. July 2, 2015) ("It is well-established that when a party consents to entry of judgment, it generally waives the right to appellate review." (citing *Swift & Co. v. United States*, 276 U.S. 311, 323–24 (1928))); *Bigler v. Bigler*, 260 P. 1081, 1082 (Colo. 1927) ("[T]here is no right of appeal from . . . [a] judgment by consent, regularly obtained.").

### 4. Ralls Had a Full and Fair Opportunity to Litigate the Issues.

Courts analyze several factors to determine whether party had a "full and fair opportunity" to litigate an issue, including the following:

> [1] whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted, [2] whether the party in privity in the first proceeding has sufficient incentive to vigorously assert or defend the position of the party against which collateral estoppel is asserted, and [3] the extent to which the issues are identical.

11

*McNichols v. Elk Dance Colo., LLC (In re Elk Dance Colo., LLC)*, 139 P.3d 660, 669 (Colo. 2006) (citation omitted).

Here, Ralls was given a full and fair opportunity to litigate the issues in the State Court Action. First, the remedies and procedures in the State Court Action are virtually identical to those in this Proceeding. *See Flanders v. Lawrence (In re Flanders)*, 517 B.R. 245, 259 (Bankr. D. Colo. 2014). In this Proceeding, DEJP seeks to make the money judgment it obtained in the State Court Action nondischargeable using the very claims that the parties vigorously litigated in the State Court Action. Moreover, the State Court Action utilized similar rules of civil procedure that apply to this Proceeding.

Second, Ralls had a sufficient incentive to vigorously assert and defend against the issues raised in the State Court Action. Over the course of three years, Ralls asserted and prosecuted a preliminary injunction motion and claims against DEJP; served and responded to extensive written discovery; appeared at depositions individually and on behalf of Earth; opposed summary judgment motions and motions in limine. *See generally* Exs. 2, 3. Throughout the State Court Action, Ralls was represented by counsel. *See* Ex. 2 at 10, 12, 39, 50, 51 (showing Ralls represented by Cooley LLP, Kontnik Cohen LLC, Melito Law LLC, and Kutner Brinen PC). Ralls was given a full and fair opportunity to litigate this matter in the State Court Action.

Third, as discussed herein, the issues in the State Court Action and this Proceeding are identical. *See supra* section IV.B.1.a; *infra* section IV.C.

Because the issues in the State Court Action are identical to the issues relevant to nondischargeablity, and all other elements of issue preclusion are satisfied, "these facts are deemed established and the parties are precluded from relitigating those factual issues." *See Franklin*, 2025 Bankr. LEXIS 401, at *14.

### C. The Issues Resolved in the State Court Action Establish Nondischargeability Under Section 523(a).

Having established the applicability of issue preclusion, DEJP examines whether the issues resolved in the State Court Action satisfy the elements necessary to prove its nondischargeability claims under section 523(a)(2), (4), and (6). Because the Judgment relates to all of the claims asserted in the State Court Action, DEJP need only prevail on one of these three nondischargeability claims to obtain a nondischargeable judgment in the amount of $1.5 million plus interest. *See* Ex. 12 at 2. Each of DEJP's nondischargeability claims is discussed below.

#### 1. Section 523(a)(2)(A).

A party can establish actual fraud under section 523(a)(2)(A) by proving the following five elements: (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the intent to deceive the creditor; (4) the creditor actually and justifiably relied on the representation; and (5) the creditor sustained a loss as a proximate result of its reliance. *See Gen Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005) (citation omitted); *see also Wilhelms*, 2025 Bankr. LEXIS 493, at *14.

This same issue was raised in the State Court Action. There, DEJP asserted a claim for common law fraud based on false representations, which requires a party to prove these same five elements:

> 1) a false representation of a material existing fact; 2) knowledge on the part of the one making the representation that it was false; 3) ignorance of the falsity on the part of the one to whom the representation was made; 4) an intention that the representation be acted on; and 5) damages.

*Robert K Schader, P.C. v. Etta Indus.*, 892 P.2d 363, 366 (Colo. App. 1994) (citing *Concord Realty Co. v. Cont'l Funding Corp.*, 776 P.2d 1114, 1118 (Colo. 1989)); Ex. 1 at 11–12. The elements of DEJP's section 523(a)(2)(A) claim and common law fraud claim are identical for purposes of issue preclusion. *See Sigler v. Sigler (In re Sigler)*, Ch. 13 Case No. 20-60355-MMP, Adv. No. 20-06094-

13

MMP, 2023 Bankr. LEXIS 1783, at *11 (Bankr. W.D. Tex. July 17, 2023) ("Mirroring one another, an actual fraud finding satisfies the 'identical issue' criteria for [issue preclusion] in a § 523(a)(2)(A) action." (citations omitted)).

Furthermore, the Judgment contains factual findings related to the common law fraud claim which also independently establishes each of the elements of the section 523(a)(2)(A) claim:

> The Claims, and the resulting Confession of Judgment, relate to Ralls' and the Entities' intentional acts and false representations, that they knew were false at the time they made them, and Ralls and the Entities acknowledge that his representations were made with the intention and purpose of deceiving DEJP, that DEJP relied on the misrepresentations and omissions, and sustained damages based on their misrepresentations.

Ex. 12 at 2; *see Zuckerman v. Crigler (In re Zuckerman)*, 613 B.R. 707, 714 (B.A.P. 9th Cir. 2020) ("[T]here is an 'identity of the issues' because the Judgment explicitly provides that Mr. Zuckerman is liable for fraud."). The debt is nondischargeable under section 523(a)(2)(A).

### 2. Section 523(a)(4).

A party can establish a claim under section 523(a)(4) by establishing embezzlement or larceny. *See* 11 U.S.C. § 523(a)(4). Under section 523(a)(4), a court may consider the state definition of larceny. *See Hauck*, 489 B.R. at 215 (citation omitted). "Colorado law has merged larceny, stealing, embezzlement, and false pretenses into 'theft.'" *Id.* (citing C.R.S. § 18-4-403).

This same issue of embezzlement and larceny was raised in the State Court Action. There, DEJP asserted a claim for civil theft under Colorado statute, which requires a party to prove that the defendant "'knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception,' and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2018) (quoting *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016); C.R.S.

14

§ 18-4-405). The elements of DEJP's section 523(a)(4) claim related to larceny or embezzlement and civil theft claim are identical for purposes of issue preclusion. *See Hauck*, 489 B.R. at 215.

Furthermore, the Judgment contains factual findings related to DEJP's civil theft claim, which also establish a section 523(a)(4) claim:

> The Claims, and the resulting Confession of Judgment, were predicated on Ralls' and the Entities' intent to cause willful and malicious injuries to DEJP.
>
> . . . .
>
> The Claims were based on Ralls' and the Entities' taking money, property, and/or services obtained by false pretenses, false representations, and actual fraud, and Ralls and the Entities agree that such conduct, and the resulting Confession of Judgment, meets the standards set forth in 11 U.S.C. §§ 523(a)(2).
>
> The Claims, and the resulting Confession of Judgment, are also based on Ralls' and the Entities' fraudulent transfers by and between Ralls and the Entities, in knowing violation of C.R.S. § 38-8-105, with the actual intent of preventing DEJP from realizing repayment of loans fraudulently induced by Ralls and the Entities and of further delaying and defrauding DEJP from recovering its monies from Ralls or the Entities. Ralls and the Entities acknowledge taking such actions and exerting control or possession over DEJP's funds with the intention to permanently deprive DEJP of its monies, and Ralls and the Entities acknowledge that their actions were willful, wanton, and malicious.

Ex. 12 at 2; *see Hauck*, 489 B.R. at 215. The debt is nondischargeable under section 523(a)(4).

### 3. Section 523(a)(6).

To establish a claim under section 523(a)(6), a party must establish a "willful or malicious injury by the debtor to another entity or to the property of another entity."

This same issue was raised in the State Court Action. There, DEJP asserted a claim for civil theft under Colorado statute, which requires a party to prove that the defendant "'knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception,' and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Scott*, 428 P.3d at 633 (quoting *Van Rees*, 373 P.3d at 608; C.R.S. § 18-4-405). The elements of DEJP's section 523(a)(6) claim and civil theft claim are identical for

15

purposes of issue preclusion. *See Kalil v. Hall (In re Hall)*, 2023 Bankr. LEXIS 1661, at *17 (Bankr. D. Colo. June 14, 2023) ("A defendant liable for civil theft necessarily meets the requirements of willful and malicious injury to the property interest of a plaintiff for the purposes of dischargeability under 11 U.S.C. § 523(a)(6)." (citing *C-Ball Ventures, LLC v. Oltmann (In re Oltmann)*, 505 B.R. 311, 318 (Bankr. D. Colo. 2014))).

Furthermore, the Judgment contains factual findings related to DEJP's civil theft claim, which also establish a section 523(a)(6) claim:

> The Claims, and the resulting Confession of Judgment, were predicated on Ralls' and the Entities' **intent to cause willful and malicious injuries to DEJP.**
>
> . . . .
>
> The Claims, and the resulting Confession of Judgment, are also based on Ralls' and the Entities' fraudulent transfers by and between Ralls and the Entities, in knowing violation of C.R.S. § 38-8-105, with the actual intent of preventing DEJP from realizing repayment of loans fraudulently induced by Ralls and the Entities and of further delaying and defrauding DEJP from recovering its monies from Ralls or the Entities. Ralls and the Entities acknowledge taking such actions and exerting control or possession over DEJP's funds with the intention to permanently deprive DEJP of its monies, and **Ralls and the Entities acknowledge that their actions were willful, wanton, and malicious**.

Ex. 12 at 2-3, emphasis added; *see Zuckerman*, 613 B.R. at 714. The debt is nondischargeable under section 523(a)(6).

## V. CONCLUSION

For the foregoing reasons, DEJP respectfully requests that the Court grant the Motion, determine that Ralls owes to DEJP $1,500,000.00 plus interest,[8] and that such amount is nondischargeable under section 523(a)(2), (4), and (6); and grant any other relief as the Court deems just and proper.

---

[8] Interest accrues at $493.15 a day [(0.12 / 365) * $1,500,000.00].

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 7, 2025 | */s/ Peter W Thomas* <br> Peter W Thomas (CO 27657) <br> PRAXIDICE, PC <br> 124 W Hyman Ave 1A <br> Aspen, Colorado 81611 <br> (970) 544-5900 <br> peter@praxidicelaw.com <br><br> *Counsel for DEJP* |

## **CERTIFICATE OF SERVICE**

I certify that on July 7, 2025, a copy of the foregoing *Motion for Partial Summary Judgment* was electronically filed using the Court's electronic filing system. Notice of this filing will be sent by all parties by operation of the Court's system. Parties may access this filing through the Court's system.

*/s/ Peter W Thomas*
Peter W Thomas (CO 27657)

*Counsel for DEJ Partners, LLC*