IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ERIC RALLS** | § | Case No. 24-60504 |
| | § | |
| | § | |
| Debtor\ | § | Chapter 7 |

| | | |
|---|---|---|
| DEJ PARTNERS, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 24-6047 |
| | § | |
| ERIC RALLS | § | |
| Defendant | § | |

## <u>**MEMORANDUM OF DECISION**</u>

On this date the Court considered "Plaintiff's Motion for Partial Summary

Judgment" (the "Motion") filed by DEJ Partners, LLC ("Plaintiff" or "DEJP") on July

7th, 2025.  Plaintiff asks this Court to enter summary judgment finding no genuine issue

of material fact that a stipulated judgment against Eric Ralls ("Defendant" or "Debtor") is

nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), or (a)(6).  After consideration

of the pleadings, proper summary judgment evidence, and the relevant legal authorities

the Court concludes that genuine issues of material fact remain.  For the reasons

explained in this memorandum, Plaintiff's Motion is **DENIED.**

-1-

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and

157(a).  This Court has authority to enter final orders in this adversary proceeding

because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §

157(b)(2)(A), (I), and (O), and meets all constitutional standards for the proper exercise

of full judicial power by this Court.

## II. Factual and Procedural Background[1]

Plaintiff, DEJ Partners, LLC, is a California limited liability company.  Defendant,

Eric Ralls, resides in Tyler, Texas.  In 2016, Ralls formed a company, PlantSnap, Inc.,

based in Colorado, to develop a mobile application that allows users to identify plants

using their device.  In 2017, DEJP loaned funds to PlantSnap.  When PlantSnap later

defaulted, DEJP executed its contractual right under its loan to take ownership of shares

of PlantSnap.  In so doing,  DEJP became the majority shareholder of PlantSnap and

Ralls was removed as director and officer of PlantSnap in 2021.[2]

On September 23, 2022, DEJP as a third party plaintiff joined litigation in

Colorado state court initiated by PlantSnap against Eric Ralls, *PlantSnap Inc. v. Ralls*,

No. 2021 CV30005 (Colo. Dist. Ct.  San Miguel Cty. Mar. 17, 2021) (the "PlantSnap

---

[1] The facts presented are those which stand uncontested between the parties and are presented only as a general factual background to the legal claims asserted in this case. This section is not intended to resolve any disputed or contested facts between the parties.

[2] Pl.'s Complaint, ECF No. 1; Def.'s Answer, ECF No. 8.

Colorado case").[3] DEJP asserted claims against Ralls under Colorado law, including

fraud, fraudulent inducement, fraudulent transfer, conversion, and civil theft.[4] Through

counsel, Ralls litigated against DEJP, including filing an answer and counterclaims,

participating in a hearing on dueling preliminary injunction motions, written and oral

discovery, and preparation for trial.[5]

On April 19, 2023, prior to the trial, Eric Ralls filed bankruptcy under subchapter

V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Colorado.[6] On May 8, 2023, DEJP sought relief from the automatic stay to

liquidate its claim in the PlantSnap Colorado case.[7] On July 19, 2023, the bankruptcy

court granted stay relief for DEJP.[8] On July 31, 2023, DEJP filed a nondischargeability

adversary pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Ralls moved on August

11, 2023, to dismiss his Colorado bankruptcy case, and it was dismissed on October 17,

2023.[9]

---

[3] Pl.'s Mot. ("Mot."), at 2, ECF No. 17.

[4] Mot., Ex. 1, ECF No. 17.

[5] Mot., Ex. 2, ECF No. 17.

[6] Mot., Ex. 4-5, ECF No. 17; *In re Ralls*, No. 23-11620-TBM (Bankr. D. Colo. Apr. 19, 2023).

[7] Mot., Ex. 4, at 3, ECF No. 17.

[8] Mot., Ex. 6, ECF No. 17. The "Ralls Entities" refer to non-parties to this adversary proceeding, EarthSnap., Inc., Digital Earth Media, Inc., and Metaversal Knowledge, Inc. "The Ralls Parties" refers to Eric Ralls and these entities. *Id.*

[9] Mot., Ex. 4, at 5, ECF No. 17.

The PlantSnap Colorado case proceeded to trial, and in January 2024, the state court granted in part DEJP's motion for partial summary judgment.[10]  In February 2024, the state court granted all of DEJP's and PlantSnap's motions in limine.[11]  The parties then notified the state court they had reached a settlement, memorialized in a Binding Term Sheet dated February 19, 2024 (the "Settlement Agreement").[12]  The Settlement Agreement included the following:

> 8.  The Ralls Parties shall deliver a Confession of Judgment (a pocket judgment) for conversion, civil theft, fraud, and fraudulent transfer with the agreement that the confessed judgment shall not be recorded or executed upon except in the event of a default or filing of bankruptcy, with accompanying language and terms in the Settlement Agreement to provide for a non-dischargeable obligation. The agreed upon form of the Confession of Judgment is attached hereto and signed by Ralls and the Ralls Entities.[13]

Eric Ralls defaulted on the Settlement Agreement,[14] and on July 31, 2024, the state court entered the consent judgment against Ralls (the "Judgment").[15]  The Judgment stated that:

> The Claims, and the resulting Confession of Judgment, were predicated on Ralls' and the Entities' intent to cause willful and

---

[10] Mot., Ex. 8, ECF No. 17.

[11] Mot., Ex. 2, at 7, ECF No. 17.

[12] Mot., Ex. 9, at 2-3, ECF No. 17; Mot., Ex. 10, ECF No. 17.

[13] Mot., Ex. 10, at 3, ECF No. 17.

[14] Mot., Ex. 11, ECF No. 17.

[15] Mot., Ex. 12, ECF No. 17.

malicious injuries to DEJP.

The Claims occurred while Ralls acted in a fiduciary capacity as an officer and director of PlantSnap  and continued during the course of the Action.

The Claims, and the resulting Confession of Judgment relate to Rall's and the Entities' intentional acts and false representations, that they knew were false at the time they made them, and Ralls and the Entities acknowledge that his representations were made with the intention and purpose of deceiving DEJP, that DEJP relied on the misrepresentations and omissions, and sustained damages based on their misrepresentations.

The Claims, and the resulting Confession of Judgment, are also based on Ralls' and the Entities' fraudulent transfers by and between Ralls and the Entities, in knowing violation of C.R.S. § 38-8-105, with the actual intent of preventing DEJP from realizing repayment of loans fraudulently induced by Ralls and the Entities and of further delaying and defrauding DEJP from recovering its monies from Ralls or the Entities. Ralls and the Entities acknowledge taking such actions and exerting control or possession over DEJP's funds with the intention to permanently deprive DEJP of its monies, and Ralls and the Entities acknowledge that their actions were willful, wanton, and malicious.[16]

The Judgment also purports to make findings that the conduct of Eric Ralls met the

nondischargeability standards under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and (a)(19),

specifically:

The Claims were based on Ralls' and the Entities' taking money, property, and/or services obtained by false pretenses, false representations, and actual fraud, and Ralls and the Entities agree that such conduct, and the resulting Confession of Judgment, meets the standards set forth in 11 U.S.C. §§ 523(a)(2).

---

[16] Mot., Ex. 12, at 2, ECF No. 17.

Ralls and the Entities acknowledge that the Claims, and the resulting Confession of Judgment, are non-dischargeable by Ralls and/or the Entities, as they relate to a debt for fraud and/or defalcation while Ralls was acting in a fiduciary capacity, and Ralls agrees that such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(4).

The Claims, and the resulting Confession of Judgment, are non-dischargeable by Ralls and/or the Entities as they relate to the willful and malicious injuries caused to DEJP's property, and Ralls and the Entities agree that such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(6).

The Claims, and the resulting Confession of Judgment, also relate to Ralls' and the Entities' common law fraud, deceit, or manipulation in connection with the sale of securities, and Ralls and the Entities agree that such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(19).[17]

On August 18, 2024, Eric Ralls initiated his second bankruptcy case, filing under Subchapter V of Chapter 11.[18]  On April 21, 2025, Defendant's case was converted from Chapter 11 to Chapter 7.[19]  On November 25, 2024, Plaintiff initiated this adversary proceeding seeking a nondischargeable judgment under 11 U.S.C. §§ 523(a)(2), (a)(4),

---

[17] *Id.* at 3.

[18] *See In re Ralls*, No. 24-60504, (Bankr. E.D. Tex. Aug. 18, 2024).  For context, one of Ralls' entities involved in the Colorado bankruptcy had already filed a second bankruptcy under Subchapter V of Chapter 11 in this Court. *See In re EarthSnap*, *Inc.,* No. 24-60363 (Bankr. E.D. Tex. 2024).  This Court entered an order granting joint administration of the bankruptcy estates on October 17, 2024.  *See Ralls*, No. 24-60504, ECF No. 21 and *EarthSnap*, No. 24-60363, ECF No. 50.

[19] No. 24-60363, ECF No. 167; *see also In re EarthSnap, Inc.*, 670 B.R. 49 (Bankr. E.D. Tex. 2025).

(a)(6), and (a)(19).[20]  A scheduling order was entered on March 5, 2025.[21]  On July 7, 2025, Plaintiff timely moved for partial summary judgment seeking to declare the consent judgment nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), or (a)(6).[22]  The Motion is unopposed.[23]

### III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).  FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings.  Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  How the necessary

---

[20] No. 24-06047, ECF No. 1.

[21] ECF No. 14.

[22] Mot., ECF No. 17.

[23] Although Defendant did not file a response to Plaintiff's Motion, Defendant responded to an almost identical motion for partial summary judgement filed by PlantSnap in the adversary proceeding *PlantSnap v. Ralls* asking for nondischargeability of a debt on the same grounds. *See* Adv. No. 24-06044, ECF No. 15. The Court thus treats the motion as if it were opposed.

summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); *cf. F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings

and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Liquid Air Corp.*, 37 F.3d at 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id*. at 587.

## IV. Discussion

Plaintiff's Motion rests upon the application of collateral estoppel[24] from the PlantSnap Colorado case to establish the elements of nondischargeability under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[25] Plaintiff asserts that the consent Judgment establishes conclusively that Defendant owes a nondischargeable debt.

An agreed final judgment or settlement agreement does not, on its own, however, preclude a debtor from arguing issues of dischargeability in bankruptcy court. *In re Brass*, 641 B.R. 139, 143-46 (Bankr. S.D. Tex. 2022) (citing *Brown v. Felsen,* 442 U.S. 127, 133-35 (1979)); *see also Carbaidwala v. Gerleman (In re Gerleman)*, No. 22-41821, 2024 WL 4428201, at *4 (Bankr. E.D. Tex. Oct. 4, 2024); *Coffman v. Deuel (In re*

---

[24] Collateral estoppel and issue preclusion are the same concept, and both terms are used interchangeably.

[25] Mot., at 1, ECF No. 17.

*Deuel)*, No. 19-43056, 2022 WL 2240363, at *8 (Bankr. E.D. Tex. June 22, 2022).

Rather, Plaintiff must prove its claims of nondischargeability by a preponderance of the

evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). All exceptions to discharge

under 11 U.S.C. § 523 "are strictly construed against a creditor and liberally construed in

favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio*

*(Matter of Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997). This liberality is not unlimited

and this Court must balance the fresh start against protecting victims of fraud. *Tummel v.*

*Quinlivian* (*In re Quinlivan*), 434 F.3d 314, 318-319 (5th Cir. 2005).

Under the standards enumerated, the Court finds that the Judgment does not

establish nondischargeability and that genuine issues of material fact exist warranting trial

on the merits and denial of the Motion.

### A. Collateral Estoppel

Collateral estoppel means that once "an issue of ultimate fact has been determined

by a valid and final judgment, that issue cannot again be litigated between the same

parties in any future lawsuit." *Gerleman,* 2024 WL 4428201, at *3 (quoting *Schiro v.*

*Farley*, 510 U.S. 222, 232 (1994)). In the bankruptcy dischargeability context, parties

may invoke collateral estoppel "in certain circumstances to bar relitigation of issues

relevant to dischargeability." *Id.* (quoting *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264,

270 (5th Cir. 2005)). While issue preclusion applies to dischargeability litigation, the

bankruptcy court retains exclusive jurisdiction to determine whether a debt is

dischargeable. *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991)). For

collateral estoppel to apply in this context, the first court must have "made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue." *Id.* at *4 (quoting *Matter of Dennis*, 25 F.3d 274, 277-78 (5th Cir. 1994)).

Because Plaintiff argues issue preclusion applies from a state court Judgment obtained in Colorado, this Court is required to apply Colorado law concerning issue preclusion. *See In re Horne*, No. 10-42625, 2012 WL 1205796, at *3 (Bankr. E.D. Tex. Apr. 11, 2012). Under Colorado law, issue preclusion applies where:

> (1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding;
>
> (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding;
>
> (3) there is a final judgment on the merits in the prior proceeding; and
>
> (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* (citing *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001)); *see also Marin Metro. Dist. v. Colorado Bondshares*, No. 24CA1092, 2025 WL 1660319, at *3 (Colo. App. June 12, 2025), *cert. denied*, No. 25SC474, 2026 WL 199811 (Colo. Jan. 26, 2026). The Plaintiff bears the burden to demonstrate that the elements of collateral estoppel are satisfied under the record. *Horne,* 2012 WL 1205796 at *3 (citing *Baker v. Seriki (In re Seriki)*, 2012 WL 266926, at *2 (Bankr. D. Colo., Jan. 30, 2012)).

Plaintiff contends that Defendant's consent to entry of the Judgment is sufficient to make issue preclusion principles of Colorado law applicable because the issues are "identical" to the elements of nondischargeability.[26]  However, as this Court and the Fifth Circuit have both stated:

> [a] consent judgment does not ordinarily give rise to issue preclusion because the issues underlying the judgment are neither actually litigated nor necessary and essential to the judgment. However, consent judgments will be given preclusive effect if the parties manifest such an intention.

*Howard v. Eckerd*, 2019 Bankr. LEXIS 3273, at *22 (Bankr. E.D. Tex. Oct. 16, 2019). (quoting *Hughes v. Santa Fe Intern. Corp.*, 847 F.2d 239, 241 (5th Cir. 1988)).

These precedents are consistent with Colorado issue preclusion law.  *See In re Huack*, 489 B.R. 208, 213-14 (D. Colo. 2013), *aff'd*, 541 F. App'x 898 (10th Cir. 2013).[27]

---

[26] Mot. at 2, 3-18.

[27] Colorado courts have not decided whether a settlement agreement and a consent decree (a consent judgment) meets the definition of "actually determined by the adjudicatory body," but Colorado courts rely on The Restatement (Second) of Judgments in formulating collateral estoppel principles under Colorado law.  *See Nichols v. Bd. of Cnty. Com'rs of Cnty. of La Plata, Colo.*, 506 F.3d 962, 968 (10th Cir. 2007) (citing *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo. 1999) and *Bennett College v. United Bank of Denver, Nat'l Ass'n*, 799 P.2d 364, 368 (Colo. 1990)).  "The Restatement clarifies that:

> '[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.'"

*Id.* at 968-69 (quoting Restatement (Second) of Judgements § 27, cmt. e (1982)).

This is also consistent with the "widely-accepted" prohibition and principle of public policy that a debtor may not contract away the right to a discharge in bankruptcy. *Eckerd*, 2019 Bankr. LEXIS 3273, at \*15-18 (citing *In re Franchise Services of N. Am., Inc.*, 891 F.3d 198, 207 (5th Cir. 2018)). Therefore, although provisions purporting to waive the dischargeability of a debt are unenforceable, a sufficient stipulation of facts could support a finding of nondischargeability.

### B.  Actually Litigated?

When evaluating whether issues raised in a matter resulting in the entry of a consent judgment can be considered to have been "actually litigated" for purposes of collateral estoppel, this Court examines the Judgment and the Settlement Agreement together. This is because:

> ...[I]t is appropriate to examine the agreed judgment and the settlement agreement together in order to determine whether the earlier resolution was based upon the parties' consent or upon some factual determination or acknowledgment. If the settlement language is inconclusive, the general rule against the application of a preclusive effect should apply.

*Id.* at \*22 (citing *Hughes*, 847 F.2d at 241). Courts applying Colorado issue preclusion law have followed a similar rationale. *See Huack*, 489 B.R. at 213-15; *Nichols*, 506 F.3d at 968-69.

In *Eckerd*, this Court found a consent judgment and settlement agreement unenforceable because that judgment and the related agreement lacked sufficient

Case 24-06047  Doc 29  Filed 04/10/26  Entered 04/10/26 16:22:20  Desc Main
Document  Page 14 of 15

recitation of facts regarding the Defendant's conduct. Instead they only purported to waive Defendant's bankruptcy discharge or render amounts in the *Eckerd* agreed judgment nondischargeable.

> ... [T]he state court issued no factual determinations, nor is there any manifestation that the parties intended for the Agreed Judgment or the Settlement Agreement to have a preclusive effect. Absent the void provisions, the summary judgment record documents only a compromise of claims. Accordingly, the Court concludes that no factual issue was "actually litigated" in the State Court Litigation and that the Agreed Judgment should be interpreted solely as a consent judgment with no issue preclusion ramifications.

*Eckerd*, 2019 Bankr. LEXIS 3273, at \*23-24 (citations omitted). As in *Eckerd*, the Settlement Agreement and the Judgment in this case do not manifest intent that they have preclusive effect as required for application of collateral estoppel.[28]

Nevertheless, the Judgment may yet be enforceable if it contains specific fact findings on identical dischargeability issues actually litigated before the state court, whether actual fraud, embezzlement or larceny, or willful or malicious injury. *Gerleman*, 2024 WL 4428201, at \*4; *see also In re Newman*, No. 17-42515, 2019 WL 989483, at \*11 (Bankr. E.D. Tex. Feb. 26, 2019).

DEJP's Judgment contains no such findings. The Judgment does not appear premised on any analysis of the substantive nondischargeability issues but rather on Defendant's breach of the terms of the Settlement Agreement with Plaintiff. *See*

---

[28] *See* Ex. 10, 12, ECF No. 17.

*Gerleman*, 2024 WL 4428201, at \*4. Not referencing specific facts, the Judgment

provides only conclusory statements of the elements that the claims in the Judgment are

"predicated on," "based on," or "related to."[29] Conclusory statements, without specific

factual findings, are not enough to establish that an identical nondischargeability issue

was actually litigated. *See id.*; *see also In re Gonzalez*, No. 6:21-AP-00157-TPG, 2023

WL 415567, at \*4 (Bankr. M.D. Fla. Jan. 26, 2023); *In re Gawrys*, No. AP 14-5006, 2015

WL 2198050, at \*3 (Bankr. N.D. Ga. May 8, 2015).

Accordingly, the Court finds that the summary judgment evidence, read in the light

most favorable to Defendant, is insufficient for a finding of nondischargeability under 11

U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Genuine issues of fact remain, and summary

judgment should be denied.

### V. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary

judgment evidence submitted therewith, the relevant legal authorities, and for the reasons

set forth herein, the Court concludes that the "Plaintiff's Motion for Partial Summary

Judgment" filed by Plaintiff, DEJ Partners, LLC, is hereby **DENIED.** Plaintiff failed to

demonstrate entitlement to judgment as a matter of law regarding dischargeability under

11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). An appropriate order consistent with this

opinion shall be entered by the Court.

Signed on 4/10/2026

---

[29] Ex. 12, at 2-3, ECF No. 17.

-15-

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE